Nash J.
 

 It is deemed unnecessary to decide the question, upon which the opinion of the Judge below7 was given. From the statements of the case, the point did notarise. The plaintiffs had put into the hands of the defendant, for collection, a promissory note, and the ac tion is brought for collecting the money and not paying it over. Among other defences the defendant relied upon the Statute of Limitations. The complaint is not for a breach of duty in collecting, not for undertaking and entering upon an agency, for a compensation, and then either failing to perform it, or performing it so negligently that an injury was sustained by the plaintiffs ; but for the money, secured by the note, which the plaintiffs allege the defendant had received. The pica of the Statute of Limitations assumes or admits, that the money had been received by the defendant, but when it is accompanied
 
 *79
 
 by the general issue, as in this case, it does not exempt the plaintiffs from the obligation to prove it. Accordingly the plaintiffs did not rely upon this assumption, but gave in evidence the admission of the defendant that he had re* ceived it. ' This admission was made within three years next before the bringing of the action, and when, for the first time, as far as the case discloses, the money was de« manded of him.' The defendant was a collecting agent of the plaintiffs to receive the money. His reception then was a rightful one ; and to give the plaintiff's a right of 1 action for its detention, a demand or evidence of the mis application of the money was necessary,
 
 Potter
 
 v.
 
 Sturges,
 
 1 Dev.
 
 79
 
 ;
 
 White
 
 v.
 
 Miller,
 
 3 Dev. & Bat. 55;
 
 State
 
 v.
 
 Sugg,
 
 3 Ire. 96; and from the time of the demand the statute began to run. Strike out the admission of the defendant and the demand then made, and there was no evidence in the case that the money ever had been received by him or of any demand upon him. And according to that admission the money might have been received by him the day before. The length of time in which the claim for collection has been in the hands of an agent may, under circumstances, be evidence both of the collecr. tion of the money and its use by him. But the case does not state the length of time the note put into the hands of the defendant had to run, or whether it was then at maturity. We are merely informed that the money had been received by him and that within three years before the bringing of the action, at which time also the demand was made. The statute never was set in motion, according to the case, until the time mentioned in the statute.
 

 Per Curiam. Judgment affirmed.